UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THIRTY AND 141, LP, ) | |
| GRAVOIS BLUFFS A, LLC, and ) | |
| GRAVOIS BLUFFS I, LLC, ) | |
|  ) | |
| Plaintiffs, ) | |
|  ) | |
| v. ) | Cause No. 4:06-CV-01781-SNL |
|  ) | |
| LOWE'S HOME CENTERS, INC., ) | |
|  ) | |
| Defendant. ) | |

### MEMORANDUM

Plaintiffs Thirty and 141, LP; Gravois Bluffs A, LLC; and Gravois Bluffs I, LLC originally filed a petition in Division 31 of the Circuit Court of Saint Louis County, Missouri; wherein they asked the court to reform a contract entered into as between Thirty and 141, LP and Defendant Lowe's Home Centers, Inc. Defendant removed the action to this Court, pursuant to 28 U.S.C. § 1441, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. On December 5, 2007, this Court entered its Order (Doc. #57) granting summary judgment in favor of Defendant.

This matter comes before the Court on Defendant's motion (Doc. #60, filed Dec. 19, 2007) for an award of attorneys' fees and related non-taxable expenses.

### *ANALYSIS*

In its motion, Defendant asks the Court to order Plaintiffs to pay, pursuant to the parties' contract ("the Declaration"), the attorneys' fees and related non-taxable expenses it incurred in defending against the instant suit. Specifically, Defendant prays for Two Hundred Forty-Four Thousand, Eighteen Dollars and ninety-eight cents ($244,018.98) in reasonable attorneys' fees;[FN1] and Twenty-Eight Thousand, Eight Hundred Thirty-Two Dollars and thirty-eight cents ($28,832.38) in related non-taxable expenses.

> **FN1**. The attorneys' fees claimed by Defendant relates to the period from October 16, 2006 to December 19, 2007. Defendant seeks an additional Three Thousand, Two Hundred Sixty-Eight Dollars and twenty-five cents ($3,268.25) for fees incurred through and until January 14, 2007.

Before addressing the amount to which Defendant may be entitled, the Court first turns to resolve the threshold issue of liability. *See* FED. R. CIV. P. 54(d)(2)(C) (2007).

### *I. PLAINTIFFS' OBLIGATION TO PAY DEFENDANT'S FEES*

Absent statutory authorization or contractual agreement, parties to a lawsuit remain responsible for their attorneys' fees. *Lee v. Investors Title Co.*, 241 S.W.3d 366, 367, 368 (Mo. Ct. App. 2007).[FN2] *See Turner v. Shalberg*, 70 S.W.3d 653, 660 (Mo. Ct. App. 2002) ("If a contract authorizes the payment of attorney's fees in the enforcement of a contract provision, 'the trial court must award them to the prevailing party.' ") (quoting *Howe v. ALD Servs., Inc.*, 941 S.W.2d 645, 652 (Mo. Ct. App. 1997)). *Accord*, *e.g.*, *Parks v. MBNA America Bank*, 204 S.W.3d 305, 312 (Mo. Ct. App. 2006); *Hoag v. McBride & Son Inv. Co., Inc.*, 967 S.W.2d 157, 175 (Mo. Ct. App. 1998).

In support of its motion, Defendant relies on the Declaration, which sets forth:

> In the event [Defendant] or [Plaintiff] brings suit to construe or enforce the terms hereof, or raises this Declaration as a defense in a suit brought by the other, the prevailing party is entitled to recover its attorneys' fees and expenses.

Thereupon, Defendant seeks an award for its attorneys' fees and related expenses in that (i) Plaintiff was an enumerated party under the subject contract, (ii) Plaintiff filed a petition asking the Court to reform the Declaration, (iii) Defendant raised the Declaration as a defense to the action, and (iv) the Court entered judgment in Defendant's favor.

In opposition to the instant motion, Plaintiffs urge the Court that Defendant is not entitled to attorneys' fees and expenses in that "(1) [Defendant] waived its contractual claim for fees and expenses when it failed to specifically plead that it was entitled to such damages; and (2) it is not entitled to fees and expenses under the plain language of [the Declaration]."

---

**FN2**. A federal court sitting in diversity should follow the law of the forum where it does not run counter to a valid federal statute or rule of court. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 260 n. 31 (1975) (citing 6 J. MOORE, FEDERAL PRACTICE ¶54.77(2) at 1712-13 (2d ed. 1974) (footnotes omitted)). *See also*, *e.g.*, *American Home Assur. Co. v. Pope*, 487 F.3d 590, 606 (8th Cir. 2007); *RLS Associates, LLC v. United Bank of Kuwait PLC*, 464 F.Supp.2d 206, 213 (D.N.Y. 2006). *See Alyeska*, 421 U.S. at 247, 257.

### A. *Defendant's Failure to Plead Damages*

Upon review of Missouri caselaw, the Court finds that Defendant's failure to plead damages shall not bar its post-judgment recovery of attorneys' fees.

Where substantive law requires that attorneys' fees and related nontaxable expenses be proven as an element of damages at trial, a party may be required to formally plead the same. *See Wiley v. Mitchell*, No. 03-3951, 2004 WL 1687882, at *3 (8th Cir. Jul. 29, 2004). In contrast, the Eighth Circuit has held that where "an award of attorneys' fees was an issue to be decided at the conclusion of the action when the prevailing party had been identified," they may properly be awarded on a 54(d)(2)(A)[FN3] motion, after entry of judgment. *Id*. (citing *Rissman v. Rissman*, 229 F.3d 586 (7th Cir. 2000)). *See also Tipton v. Mill Creek Gravel, Inc.*, 373 F.3d 913, 922-23 (8th Cir. 2004) (shifting of attorneys' fees to successful plaintiff was not a "special damage" within the meaning of Rule 9(g)[FN4]).

Here, as in *Wiley*, the attorneys' fees claimed by Defendant are not an item of damages to be proven at trial. *Id*. at *3. "Rather, under .·.·. [the Declaration], the prevailing party in any [suit brought to construe or enforce the terms thereof] [is] entitled to recover reasonable attorneys' fees. As a result, an award of attorneys' fees [is] an issue to be decided at the conclusion of the action when the prevailing party had been identified." *Id*.

Moreover, the Court finds that the attorneys' fees at issue are not an item of "special damages" under Rule 9(g) (*supra* note 4).

---

**FN3**. *See* FED. R. CIV. P. 54(d)(2):
(A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
    (i) be filed no later than 14 days after the entry of judgment;
    (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
    (iii) state the amount sought or provide a fair estimate of it; and
    (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

**FN4**. "If an item of special damage is claimed, it must be specifically stated."
FED. R. CIV. P. 9(g) (2007).

*But see National Liberty Corp. v. Wal-Mart Stores, Inc.*, 120 F.3d 913, 916 (8th Cir. 1997) ("Attorney's fees are 'special damages' that parties are required to plead under Rule 9(g)...") (citing *Western Cas. & Surety Co. v. Southwestern Bell Tel. Co.,* 396 F.2d 351, 356 (8th Cir. 1968)). The Eighth Circuit in *National Liberty Corp.* found that the claimant (i) may have been entitled to attorneys' fees "incur[red] as a result of or relating to [] breach of [the subject agreement]," yet (ii) failed to allege that it was entitled to such fees for certain services allegedly rendered prior to the filing of the action. *Id*. at 917. Therefore, the attorneys' fees were *per se* "special damages," and the claimant was required to formally plead the same. *Id*.

*National Liberty Corp.* is distinguishable from the instant case in that the subject claim for attorneys' fees does not entail certain elements necessitating specific proof , pleading, and/or notice. Rather, attorneys' fees do not constitute an unusual type of damage for contractual claim at issue; and both parties had adequate notice of the "Legal Fees" provision in the Declaration, and understood the consequences of instituting an action thereupon. *See Tipton*, 373 F.3d at 923 n.10. The Court is unconvinced that Defendant's post-judgment enforcement of the bargained-for, contractual provision constitutes unfair surprise. "[T]he object of the rule is to guard against unfair surprise, and, for the reasons that we have already indicated, that object is fully satisfied here." *Bowles v. Osmose Utilities Services, Inc.*, 443 F.3d 671, 675 (8th Cir. 2006).

Accordingly, the Court finds that Defendant's failure to plead attorneys' fees will not bar the subject claim. Defendant's claim for attorneys' fees, initiated after the prevailing party to the action was identified, was proper.

*See Medicine Shoppe Intern., Inc. v. Mehra*, 882 S.W.2d 709, 711, 713 (Mo. Ct. App. 1994). *C.f. Grease Monkey Intern., Inc. v. Godat*, 916 S.W.2d 257, 261 (Mo. Ct. App. 1995) (where claimant made oral motion at trial and parties were aware of contractual provision relating to attorneys' fees, such an award to the prevailing party was proper); *but see Beasley v. Mironuck*, 877 S.W.2d 653, 655-56 (Mo. Ct. App. 1994) (claim for attorneys' fees is compulsory counterclaim which must be pled from the outset).

### B. *the Declaration's Plain Language*

Next, Plaintiffs ask the Court to deny Defendant's motion in that the Declaration's "Legal Fees" provision does not apply to the instant matter. This argument is unavailing.

Under the Declaration, the prevailing party is entitled to collect attorneys' fees and expenses where a party thereto (i) brings suit to construe or enforce its terms, or (ii) raises the Declaration as a defense to suit.

Plaintiffs instituted the instant action against Defendant by alleging, *inter alia*, as follows:

> 21. As a result of the mutual mistake of [Plaintiff and Defendant], the Declaration fails to correctly set forth the parties' agreement and, as such, requires judicial reformation so as to accomplish and accurately express the parties' intentions with respect to the agreement.
>
> WHEREFORE, Plaintiffs Thirty, GBA, and GBI respectfully request that this Court enter an Order and Judgment reforming the Declaration [] so as to include, and apply [], only to the Intended Restricted Properties identified in the Lease, excluding the Inadvertently Restricted Properties from the Declaration [], and for such further and other relief as this Court deems necessary and just.
>
> (Doc. #1-2: 4, filed Dec. 15, 2006.)

Furthermore, in passing on the parties' motions for summary judgment, this Court stated, in relevant part:

> On August 24, 2000, Owner recorded the declaration of restrictions, Declaration 90, now in dispute. (Doc. #56: 2, filed Dec. 5, 2007.)
> . . .
> In its Petition, [Plaintiff] alleges that the parties agreed to restrict, record, and file deed restrictions upon only that certain real property identified in the Lease. [Plaintiff] further alleges that the property agreed upon and/or intended by the parties to be restricted is, through inadvertence and mistake, different from that embodied and identified in [the Declaration]. On that basis, [Plaintiff] prays for this Court to reform [the Declaration] so as to reflect only that property identified in the Lease; and specifically, to exclude Lots 7 and 8 therefrom. (Doc. #56: 3) (internal citations omitted.)
> ∴
> Next, the Court turns to the negotiation, drafting, and recording of [the Declaration] as evidence of a pre-existing agreement between the parties. [Plaintiff] first cites the language used in [the Declaration] to prove the existence of a prior agreement. Namely, [the Declaration] states: "under the terms of the Lease, [Plaintiff] has granted [Defendant] certain exclusive rights and privileges and use restrictions in the Restricted Property as described herein and is required to record this Declaration against the Restricted Property." However, for the reasons stated; coupled with the absence of (I) a Lease definition of "Restricted Property," or (II) a Lease reference to the

5

"lots" identified in [the Declaration]; [Plaintiff] has not met its burden of establishing a prior agreement.

Next, [Plaintiff] refers to the parties' language subsequent to the Lease. In accord with the preceding analysis, the Court finds that the parties' language does not amount to clear, cogent, and convincing evidence of a prior agreement. Specifically, the parties' references, to (i) "each of the other proposed shopping centers abutting Highway 141"; (ii) the "adjacent shopping center being developed by your client"; and/or (iii) "South and North Shopping Centers", do not sufficiently establish the existence of any prior agreement contrary to that embodied in [the Declaration]. (Doc. # 56: 14; *see also id.* at 17.)

Based on the foregoing language and the law relating to reformation, the Court finds that Plaintiffs (i) brought suit against Defendant; and, that in so doing, (ii) asked the Court to interpret (or "construe") the terms of the Declaration. To wit, in assessing whether Plaintiff was entitled to reformation of the Declaration, the Court undertook to identify (i) a pre-existing agreement, (ii) mistake, and (iii) mutuality. In support of their claim regarding the existence of a pre-existing agreement contrary to that embodied in the Declaration, Plaintiffs urged the Court to compare the express language contained in the Declaration, to that employed in the negotiations and drafting of the same. Furthermore, in ruling on the issues of mutuality and mistake, the Court examined the Declaration's language, and compared it to that contained in the parties' preceding correspondence and drafts and/or the pre-existing Lease upon which the Declaration was purportedly based.

In finding that Plaintiff brought suit against Defendant to construe the terms of the Declaration, the Court finds that Defendant's prayer for an award of attorneys' fees "*is* [] a matter of right which follows automatically from and because of the fact that justice of his claim has been established." *See Western Cas.*, 396 F.2d at 356 (emphasis added). *Compare with id.* (where there exists a substantial and doubtful legal issue as to the allowance of legal fees, an applicable claim must be pled or otherwise asserted). Accordingly, Defendant shall be entitled to recover its attorneys' fees and related expenses.

*See also Lee*, 241 S.W.3d at 368 (" 'If a contract provides for the payment of attorney's fees in the enforcement of a contract provision, the trial court must award them to the prevailing party.' ") (quoting *White v. Marshall*, 83 S.W.3d 57, 63 (Mo. Ct. App. 2002) (in turn quoting *Howe*, 941 S.W.2d at 652). "The decision to award attorney's fees is not a matter of discretion in this situation and failure to do so is erroneous." *Lee*, 241 S.W.3d at 368.

## II. REASONABLENESS OF DEFENDANT'S FEE REQUEST

Having resolved the issue of liability, the Court turns to the reasonableness of Defendant's claim for fees and expenses. While Plaintiffs have asked for a deferred ruling on this issue; the matter (neither novel, nor byzantine) will not be further belabored. By the same token, it is well-established that "[a] party is not entitled needlessly to accumulate exorbitant legal fees with the expectation that the losing party will be called upon to pick up the entire tab." *Planned Parenthood of Minnesota, Inc. v. Citizens for Community Action*, 558 F.2d 861, 871 (8th Cir. 1977) (statutory fee-shifting context). In light of the its refusal to permit further pleadings in this matter, the Court will closely examine Defendant's requests and "pare down needless and unconscionably high legal fees." *Id*.

### A. *Reasonable Attorneys' Fees*

The Missouri Supreme Court in *O'Brien v. B.L.C. Ins. Co.*, 768 S.W.2d 64, 71 (Mo. 1989),[FN5] set forth that "[c]onsideration of the appropriate fee should begin with the rates customarily charged by the attorneys involved, and by other attorneys in the community for similar services." *See also*, *e.g.*, *McClain v. Papka*, 108 S.W.3d 48, 54 (Mo. Ct. App. 2003) (citing *O'Brien*, 768 S.W.2d 64, 71 (Mo. banc 1989)(in turn citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This initial estimate of the value of legal services, also known as the "lodestar" amount, may then be adjusted upward or downward depending upon a variety of other factors.[FN6]

> **FN5**. Missouri law governs the reasonableness inquiry. *See Antidote Intern. Films, Inc. v. Bloomsbury Pub., PLC*, 496 F.Supp.2d 362, 364 (D.N.Y. 2007) (quoting *Bensen v. Am. Ultramar Ltd.*, No. 92 Civ. 4420, 1997 WL 317343, at *13 (D.N.Y. June 12, 1997) (in turn citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).
>
> **FN6**. The factors to be considered, first promulgated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), include (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation and ability of the attorney(s); (10) The undesirability of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases. *Id*. at 717-19.

*E.g.*, *Hensley*, 461 U.S. at 434 n.9 ("[M]any of [the *Johnson*] factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." (citing *Copeland v. Marshall*, 641 F.2d 880, 890 (D.C. Cir. 1980) (en banc)). *C.f. Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986) (Where fees are shifted by statute, the lodestar figure "adequately compensates the attorney ∴ includes most, if not all, of the relevant factors constituting a "reasonable" attorney's fee ∴ and upward adjustments of the lodestar figure are ∴ proper only in certain "rare" and "exceptional" cases, supported by both "specific evidence" on the record and detailed findings by the lower courts fee award.") (quoting *Blum v. Stenson*, 465 U.S. 886, 898-901)(1984)); *accord Casey v. City of Cabool, Mo.*, 12 F.3d 799, 804-05 (8th Cir. 1993) (statutory fee-shifting context).

Here, the fees reported by Defendant's counsel, under the specific circumstances of this case, appear to be somewhat excessive; and the Court has moderately reduced the hourly rates of the applicable counsel,[FN7] based on their experience and qualifications, and with regard to customary fees (*see infra*).

In turning to the number of hours reportedly expended on attorneys' fees, the Court notes the parties' joint failure to handle matters in the most judicious and/or prudent fashion; e.g., protracted briefs accompanied with scores of (at times duplicative) exhibits, additional briefs filed with leave of Court, counsels' incessant inability to stipulate to immaterial facts and/or properly respond to material facts, etc. Notwithstanding, neither party has clean hands with respect to the same, and Defendant will not be penalized for time spent defending against a vigorous claimant. *Williams v. Finance Plaza, Inc.*, 78 S.W.3d 175, 187-88 (Mo. Ct. App. 2002) (quoting *Duchscherer,* 534 N.W.2d at 19) (in turn quoting *City of Riverside v. Rivera,* 477 U.S. 561, 580 n.11 (1986)).

---

**FN7**. Defendant's fee request includes entries relating to several individuals, i.e. "Pointdexter," "Noll,"and "Wendel," for whom it provides no qualifications and/or any other identifying information. The Court is without sufficient information to evaluate the reasonableness of the requested rate, and shall deny Defendant's fee request insofar as it relates to unidentified persons. *See Hensley*, 461 U.S. at 433 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

As a threshold matter, Plaintiffs have voiced their objections to the attorneys' fees claimed for the services of Attorneys Jacob Reby and Gregory Beekman. Plaintiffs argue that, as attorneys for Lowe's, Reby and Beekman were percipient fact witnesses who were deposed in the instant matter. On that basis, Defendant should not recover fees for the witnesses' review of files, meetings with counsel, and/or preparation for and attendance of depositions. In support of their position, Plaintiffs cite *Emmenegger v. Bull Moose Tube Co.*, 33 F.Supp.2d 1127, 1138 (D.Mo.1998), wherein the Court denied an award of attorneys' fees for time spent preparing for and testifying as a fact witness, where the subject attorney was plaintiff's counsel during the disputed negotiations and testified as a fact witness in the case. While noting that Defendant's descriptions relating to the tasks performed by the subject counsel are at times overly vague and/or bear exclusively on their roles as fact witnesses, the Court does not read *Emmenegger* to bar recovery for legal services performed by an attorney merely because he puts on a witness hat during the course of litigation. Rather, upon review of Defendant's requests, the Court shall order Plaintiffs to pay Three Thousand Dollars ($3,000.00) for legal services performed by Reby,[FN8] and Two Thousand, Three Hundred Seventy-five Dollars ($2,375.00) for legal services performed by Beekman.[FN9]

Next, upon review of Defendant's fee requests, the Court finds a portion of the time billed unnecessarily duplicative. Specifically, the Court will not twice award attorneys' fees where more than one of Defendant's counsel opted to attend and/or conduct depositions. *See Hensley*, 461 U.S. at 434 ("The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.' ") (citing S. Rep. No. 94-1011, at 6 (1976)). Thereupon, Defendants' request for attorneys' fees shall be denied insofar as it relates to Attorney Jennifer Behm, wherein she prepared for and/or attended depositions conducted by Attorney Benjamin Lipman.[FN10]

>
> **FN8**. This amount relates to the fee requests for the following dates: December 27, 2006; January 25, 2007; March 29, 2007; June 21, 2007; July 12, 2007; July 13, 2007; July 30, 2007; and July 31, 2007.
>
> **FN9**. This amount relates to fee requests for the following dates: January 23, 2007; January 25, 2007; March 28, 2007; March 29, 2007; and July 28, 2007.
>
> **FN10**. The Court will specifically disallow reimbursement for the following entries: June 15, 2007; June 18, 2007; June 27, 2007; June 28, 2007; July 12, 2007; and July 17, 2007.

As to the balance of Defendant's fee requests, Defendant seeks an award for the following:

| Attorney | Reasonable Rate | Hours Expended | Total |
|---|---|---|---|
| Benjamin A. Lipman | $250.00 | 373.1 | $93,275.00 |
| Jennifer E. Behm | $170.00 | 466.4 | $79,288.00 |
| Jacob W. Reby | $300.00 | 10 | $3,000.00 |
| Gregory R. Beekman | $250.00 | 9.5 | $2,375.00 |
| Joseph E. Martineau | $300.00 | 5.9 | $1,770.00 |
| Gregory D. Bulgrin | $131.75 | 8 | $1,054.00 |
| Anne R. Scholl | $131.75 | 5.5 | $724.46 |

The Court finds that Defendant has sufficiently described the legal services performed, and said activities undoubtedly contributed to the dismissal of Plaintiffs' petition on summary judgment. *See Hensley*, 461 U.S. at 435 n.10 ("Defendant should be permitted to fully recover attorneys' fees in defending against and/or responding to all of Plaintiffs' claims."). *See also Williams*, 78 S.W.3d at 184-85. For the reasons set forth above, the Court shall order Plaintiffs to pay One Hundred Seventy-Eight Thousand, Four Hundred Eighty-Six Dollars and forty-six cents ($178,486.46)[FN11] in attorneys' fees.

---

**FN11**. This amount *does include* the amounts requested by Defendant through and until January 14, 2007. The Court rejects Defendant's request for fees incurred in the drafting of (or its reply to Plaintiffs' response of) the instant motion. The Court's resources and patience were exhausted by Defendant's failure (i) to include separate totals for each attorney and keep running totals on each page of the twenty-three page spreadsheet, and/or (ii) to provide adequate descriptions of the services provided and/or fully address the qualifications of the enumerated counsel. Accordingly, the Court shall tax Defendant's prayer Three Thousand Dollars ($3,000.00) for the same.

### B. *Related Non-Taxable Expenses*

Turning to its request for related non-taxable expenses, Defendant primarily seeks reimbursement for costs associated with (i) the retention of engineering consultants and generation of photocopies and exhibits; and (ii) electronic research.

**i. Engineering Consulting Fees, Photocopies & Exhibits**

Defendant requests over Nine Thousand Dollars ($9,000.00) for fees expended on photocopies, maps, plats, and/or other exhibits. Here, the Court notes that, while many of these demonstrative materials were useful to its final judgment, the vast number of photocopies and/or maps/plats ordered and circulated in this matter were cumulative and unnecessary. Defendant additionally seeks over Twelve Thousand, Six Hundred Fifty Dollars ($12,650.00) for costs incurred on the engineering consulting services of Stock & Associates. Here, Defendant's invoices, seemingly offered to explain the exorbitant charges associated with the retention of Stock & Associates, provide marginal guidance as to the types of services rendered, their relationship to the defense mounted, and/or the reasonableness of the charges incurred. The Court finds Defendant's request excessive and shall limit the foregoing costs to Fifteen Thousand Dollars ($15,000.00).

*See Hensley*, 461 U.S. 424:

> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. This discretion, however, must be exercised in light of the considerations we have identified. *Id.* at 436-37.

**ii. Computer-Assisted Legal Research ("CALR")**

Next, Defendant requests reimbursement for costs incurred for electronic legal research. Absent Missouri caselaw on the issue, the Court adheres to "the prevailing law of this circuit [which] provides that disbursements for CALR cannot be made part of a fee bill." *Emmenegger v. Bull Moose Tube Co.*, 33 F.Supp.2d 1127, 1136-37 (D.Mo. 1998) (citing *Standley v. Chilhowee R-IV School Dist.,* 5 F.3d 319, 325 (8th Cir.1993)). Thereupon, Defendants shall not be awarded any fees related to CALR.

In accordance with the above findings, the Court shall award Defendant $15,000.00 in related non-taxable expenses.

**A**n Order in accordance with this Memorandum shall be forthcoming.

**D**ated this 6th day of May, 2008.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**