UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THIRTY AND 141, LP, <br> GRAVOIS BLUFFS A, LLC, and <br> GRAVOIS BLUFFS I, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> LOWE'S HOME CENTERS, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No. 4:06-CV-01781-SNL <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM

Plaintiffs Thirty and 141, LP; Gravois Bluffs A, LLC; and Gravois Bluffs I, LLC originally filed a petition in Division 31 of the Circuit Court of Saint Louis County, Missouri; wherein they asked the court to reform a contract entered into as between Thirty and 141, LP and Defendant Lowe's Home Centers, Inc. Defendant removed the action to this Court, pursuant to 28 U.S.C. § 1441, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. On December 5, 2007, this Court entered its Order (Doc. #57) granting summary judgment in favor of Defendant.

As the prevailing party, Defendant is entitled to any costs which are taxable under 28 U.S.C. § 1920.[FN1] This matter comes before the Court on Defendant's motions (Doc. #58, filed Dec. 19, 2007; *and* Doc. #65, filed Jan. 14, 2007) for an award of post-judgment interest and costs.

---

**FN1**. Under 28 U.S.C. § 1920 (2007), the court may tax as costs the necessary fees expended for (1) the clerk or marshal; (2) the court reporter; (3) printing and witnesses; (4) exemplification and copies; (5) Docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts and interpreters.

## ANALYSIS

In its motion, Defendant seeks reimbursement from Plaintiffs for Eleven Thousand, Six Hundred Twenty-Nine Dollars and three cents ($11,629.03) for certain costs incurred in its defense of the instant suit. The Court will undertake to examine the enumerated costs set forth in Defendant's motion and Plaintiffs' stated objections thereto.

As an initial matter, Defendant claims costs of Three Hundred Fifty Dollars ($350.00) and Four Hundred Ninety-One Dollars and seventy-six cents ($491.76) in filing and witness fees, respectively. The Court finds these costs proper and taxable pursuant to 28 U.S.C. § 1920(1) &(3), *supra* note 1, and shall order Plaintiffs' payment of the same.

Next, Defendant claims costs for copies "necessarily obtained for use in the case" amounting to Twenty-Four Dollars and eighteen cents ($24.18). Plaintiffs objects in that such amounts were incurred for third-party "research time" in responding to a subpoena, and are therefore not taxable under Section 1920. Notwithstanding, the Court is satisfied with Defendant's showing that the subject charges were necessarily incurred in order to facilitate certain of its third-party document requests and therefore fall within the scope of Section 1920(4). Plaintiffs shall be ordered to pay the requested amount.

Thirdly, Defendant asks the Court to tax Plaintiffs in the amount of Nine Thousand, Five Hundred Ninety-One Dollars and twenty-six cents ($9,591.26) for deposition services costs. Here, Plaintiffs state that Defendant's claim is excessive in that the depositions were unnecessarily charged at an expedited transcription rate.

Costs attributable to deposition transcripts and/or copies of the same are taxable as long as they were "necessarily obtained for use in the case"; and not taken merely for discovery or investigative purposes. *Reed v. Lear Corp.*, No. 4:06-CV-00018, 2008 WL 822116, at *1 (D.Mo. Mar. 26, 2008). A party seeking reimbursement for expedited services should generally demonstrate necessity with regard to the same. *Glastetter v. Sandoz Pharmaceuticals Corp.*, No. 1:97-CV-00131, 2000 WL 34017154, at *4 n.3 (D.Mo. Oct. 3, 2000) (citing *St. Louis Convention and Visitors Comm'n v. NFL*, 1998 U.S. Dist LEXIS 22219, at *9 (D.Mo. Sep. 14, 1998)). *Accord Reed*, at *1. *C.f. 168th and Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 957 (8th Cir. 2007) (affirming costs awarded for expedited transcripts where the depositions were used at trial or in support of a motion).

Here, Defendant asserts that (i) four of the depositions for which it seeks fees were not expedited, and (ii) the expedited depositions were *necessary* due to the shortened discovery schedule, single-handedly initiated by Plaintiffs.

Upon close review of the matter, the Court finds that, in their original scheduling proposals submitted to the Court, Plaintiffs and Defendant proposed that discovery be completed no later than April 2, 2007 and August 31, 2007, respectively. The Court thereafter ordered that all discovery be completed no later than June 15, 2007. Upon joint motion, this discovery deadline was continued to July, 23, 2007, with dispositive motions due no later than August 17, 2007. On that basis, the Court finds both parties responsible for the foregoing scheduling deadlines. Furthermore, the discovery deadlines have no bearing on the depositions expedited after the close thereof.

In view of the scheduling deadlines and the utility of the depositions to the Court's final judgment, the Court shall tax Plaintiffs for the expedited depositions through and until the deadline for filing dispositive motions. Accordingly, Plaintiffs shall be ordered to pay Seven Thousand, Eight Hundred Seventy-One Dollars and fifty-six cents ($7,871.56); comprising (i) all non-expedited depositions, (ii) all other depositions[FN2] conducted prior to August 17, 2007 at an expedited rate, and (iii) all depositions[FN3] conducted subsequent to August 17, 2007 at a non-expedited rate.

---

**FN2**. The charges claimed for the June 13, 2007 deposition of Charles Smithey shall be taxed at the non-expedited rate.

**FN3**. Plaintiffs object to the charges claimed for the transcribed record of non-appearance relating to a third-party deposition witness in that it was not reasonably necessary or expected for use at trial. "In order for a deposition transcript to be a proper taxable cost . . [it] must have been reasonably necessary [in preparing the case] or expected to be used at trial." Glastetter, at *2 (citing *Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1134 (D.Mo. 1998)). "S]ubsequent, intervening developments that make the deposition needless arc ignored in determining necessity." *Glastetter*, at *2 (citing *Zoto v. Lindbergh School District*, 121 F. 3d 356, 363 (8th Cir. 1997)).

In light of the foregoing standard, the Court finds that Defendant has sufficiently articulated that the subject witness was reasonably expected to (i) comply with the subpoena and attend the deposition, and (ii) provide relevant

information/testimony. Accordingly, the charges are properly taxable under Section 1920(2).

Next, Defendant claims Eight Hundred Forty-Eight Dollars and eighty-eight cents ($848.88) in subpoena costs. Here, Plaintiffs claim that such costs are not taxable in that they were entirely charged by special process servers, as opposed to the U.S. Marshal.

In *Crues v. KFC Corporation*, 768 F.2d 230, 234 (8th Cir. 1985), the Eighth Circuit held that costs associated with special process servers shall not be taxed to a prevailing party because Section 1920 makes no provision for such costs. Defendant admits that all costs incurred related to summons and subpoena fees were paid to private process servers. Accordingly, such costs will not be taxed to Plaintiffs. *See*, *e.g.*, *Finan v. Good Earth Tools, Inc.*, No. 4:06-CV-878, 2008 WL 1805639, at *10 (D.Mo. Apr. 21, 2008); *Leggett & Platt, Inc. v. Vutek, Inc.*, No. 4:05-CV-788, 2007 WL 607736, at *2 (D.Mo. Feb. 22, 2007). *C.f. Bunda v. Potter*, No. C03-3102, 2006 WL 266513 (D.Iowa Jan. 31, 2006):

> In making Marshal's fees taxable as costs in section 1920(1), we believe Congress exhibited an intent to make service of process a taxable item. Since the enactment of section 1920(1), the method of serving civil summonses and subpoenas has changed. The U.S. Marshal no longer has that responsibility in most cases, but rather a private party must be employed as process server. Now that the Marshal is no longer involved as often in the serving of summonses and subpoenas, the cost of private process servers should be taxable under 28 U.S.C. § 1920(1).
> ∴
> Unfortunately for the defendant, while other courts have permitted the recovery of special process fees, this court is compelled to follow Eighth Circuit precedent regardless of the equities at play in the facts of this case. *Id.* at *4 (citing *Crues*, 768 F.2d at 234).

Lastly, Plaintiffs object to Defendant's claim for Three Hundred Twenty-Two Dollars and ninety-five cents ($322.95) for the cost of copying its own pleadings and motions filed with the Court, for which it provides no invoices and/or records. Here, Defendant argues that the substantial cost associated with sealed documents made such costs necessary. Defendant further asserts that the subject copies were made at counsels' offices, and therefore invoices and/or records are unavailable.

Upon review of the docket, it appears that both parties filed almost every one of their documents under seal. While the Court in no way intends to encourage this practice, it does appear that Defendant's copies were reasonably necessary to the litigation and the requested costs are properly taxable.

4

For the above-stated reasons, Plaintiffs shall be ordered to pay Nine Thousand Sixty Dollars and forty-five cents ($9,060.45).

As a final matter, Defendant seeks post-judgment interest of 9% on its attorneys' fees and costs. Under 28 U.S.C. § 1961(a) (2000),[FN4] interest shall be allowed on any money judgment in a civil case and shall be calculated from the date of entry of judgment.

In the instant matter, the Court recently stated that, under the parties' contract, the prevailing party is entitled to collect attorneys' fees and expenses where a party thereto (i) brings suit to construe or enforce its terms, or (ii) raises the contract as a defense to suit. The Court further stated that "Plaintiff brought suit against Defendant to construe the terms of the [contract], [and therefore,] Defendant's prayer for an award of attorneys' fees '*is* [] a matter of right which follows automatically from and because of the fact that justice of his claim has been established.' " (Doc. #74, filed May 6, 2008) (quoting *Western Cas. & Surety Co. v. Southwestern Bell Tel. Co.,* 396 F.2d 351, 356 (8th Cir. 1968) (emphasis added)). Therefore, once judgment was entered in Defendant's favor, it was entitled to recover its attorneys' fees and related expenses, pursuant to the parties' contract.

Notwithstanding the foregoing, the Court finds it inequitable to award post-judgment interest from the date of entry of its judgment in that the attorneys' fees at issue were never pled or requested by Defendant, and were not included in the Court's judgment. Rather, the Court shall award post-judgment interest from the date of its Order granting Defendant's motion for attorneys' fees. *See Building Const. Enterprises, Inc. v. Garry Meadows Const. Co., Inc.*, No. 3:06-CV-00092, 2007 WL 3125107, at *3 (D.Ark. Oct. 24, 2007) (citing *Jenkins v. Agyei v. State of Mo.*, 931 F.2d 1273 (8th Cir. 1991)). *See also Jenkins*:

> If a judgment is rendered that does not mention the right to attorneys' fees, and the prevailing party is unconditionally entitled to such fees by statutory right, interest will accrue from the date of judgment. If, however, judgment is rendered without mention of attorneys' fees, and the allowance of fees is within the discretion of the court, interest will accrue only from the date the court recognizes the right to such fees in a judgment.
> .∴.
> ... interest accrues from the date that the party becomes unconditionally entitled to fees, even if those fees are not yet quantified. *Id.* at 1275-76 (citing *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 545 (5th Cir. 1983) (per curiam)).

> **FN4**. *See Swope v. Siegel-Robert, Inc.*, 243 F.3d 486, 497 (8th Cir. 2001) ("*postjudgment* interest is a procedural matter governed by federal law.") (emphasis in original) (citing *Weitz Co., Inc. v. Mo-Kan Carpet, Inc.*, 723 F.2d 1382, 1385-86 (8th Cir. 1983)). *Accord*, *e.g.*,*Utica Mut. Ins. Co. v. Bancinsure,*

*Inc.*, 4:06-CV-00664, 2007 WL 2860237, at *22 (D.Mo. Sep. 25, 2007) (citations omitted); *Heaton v. Weitz Co., Inc.*, No. 05-CV-102, 2007 WL 2301251, at *12 (D.Iowa Aug. 8, 2007); *Carriker Ford, Inc. v. Clow Corp.*, No. Civ. 81-513, 1984 WL 2379, at *1 (D.Iowa Oct. 26, 1984). *Contra Blue Cross and Blue Shield of Missouri v. Nooney Krombach Co.*, 170 F.R.D. 467, 472 (D.Mo. 1997) (applying state interest rate to post-judgment amount).

Accordingly, post-judgment interest shall be assessed to the awarded attorneys' fees as of the entry of the Court's Order (Doc. #75, filed May 6, 2008), at a rate of 1.88%.[FN5] Furthermore, Plaintiffs shall be ordered to pay Two Hundred Ninety-Four Dollars and forty-six cents ($294.46) in post-judgment interest, assessed at a rate of 3.25%,[FN6] on Defendant's awarded costs.

**A**n Order in accordance with this Memorandum shall be forthcoming.

**D**ated this 6th day of May, 2008.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

**FN5**. Post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). *See* http://www.federalreserve.gov/releases/h15/Current/, at April 28, 2008 (last visited May 1, 2008).

**FN6**. *Supra* note 5. *See* http://www.federalreserve.gov/releases/h15/20071203/, at December 3, 2007 (last visited May 1, 2008).